**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEMETRIUS DMIRAL WARREN,<br><br>Defendant. | CR 07-126-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Demetrius Dmiral Warren (Warren) has been accused of violating the conditions of his supervised release.  Warren admitted three of the four alleged violations.  Warren's supervised release should be revoked.  Warren should be placed in custody for 2 months, with 34 months of supervised release to follow.

## II.  Status

Warren pleaded guilty to one count of Conspiracy to Deal Firearms Without a License, one count of Being in Unlawful Possession of a Firearm, two counts of Making a False Statement During a Firearms Transaction, and two counts of Aggravated Identity Theft, on January 16, 2008.  (Doc. 50).  The Court sentenced Warren to a total term of custody of 121 months, followed by 3 years of supervised release.  (Doc. 61).  Warren's current term of supervised release began on October

15, 2018.  (Doc. 88).

**Petition**

The United States Probation Office filed a Petition on December 5, 2018, requesting that the Court revoke Warren's supervised release.  (Doc. 88).  The Petition alleged that Warren violated the conditions of his supervised release:     1) by committing two crimes; and 2) by consuming alcohol.  (Doc. 88 at 2).  United States District Judge Brian Morris issued a warrant for Warren's arrest on December 5, 2018.  (Doc. 89).

**Initial Appearance**

Warren appeared before the undersigned for his initial appearance on December 11, 2018.  Warren was represented by counsel.  Warren stated that he had read the petition and that he understood the allegations.  Warren waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

The Court conducted a revocation hearing on December 11, 2018, and on December 13, 2018.  Warren admitted that he had violated the conditions of his supervised release: 1) by committing the crime alleged in Violation Number 2; and 2) by consuming alcohol.  Warren did not admit or deny alleged Violation Number

1.  The government did not meet its burden of proof with respect to Violation Number 1.  The Court continued the sentencing portion of the revocation hearing until January 22, 2019.  The Court released Warren on continued supervision.  The Court modified Warren's conditions of supervised release to include a 30-day term of home confinement.

**Amended Petition**

The United States Probation Office filed an Amended Petition to revoke Warren's supervised release on December 27, 2018.  (Doc. 98).  The Amended Petition alleged that Warren had violated the conditions of his supervised release by failing to comply with the terms of his home confinement.

**Revocation Hearing on Amended Petition**

The Court conducted a revocation hearing on the Amended Petition on January 15, 2019.  Warren admitted that he had violated the conditions of his supervised release by failing to comply with the terms of his home confinement. The violations that Warren admitted are serious and warrant revocation of Warren's supervised release.

Warren's violations are Grade C violations.  Warren's criminal history category is II.  Warren's underlying offenses are Class C and Class D felonies. Warren could be incarcerated for up to 24 months.  Warren could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.

The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Warren's supervised release should be revoked. Warren should be incarcerated for 2 months, with 34 months of supervised release to follow. Warren should receive credit for time served. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Warren that the above sentence would be recommended to Judge Morris. The Court also informed Warren of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Warren that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Warren stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before a United States district court judge.

The Court **FINDS:**

> That Demetrius Dmiral Warren has violated the conditions of his supervised release by committing another crime, by consuming alcohol, and by failing to comply with the terms of his home confinement.

The Court **RECOMMENDS:**

That the District Court revoke Warren's supervised release and commit Warren to the custody of the United States Bureau of Prisons for a term of imprisonment of 2 months, with 34 months of supervised release to follow. Warren should receive credit for time served.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 16th day of January, 2019.

John Johnston
United States Magistrate Judge