# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEMETRIUS DMIRAL WARREN,<br><br>Defendant. | CR 07-126-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Demetrius Dmiral Warren (Warren) has been accused of violating the conditions of his supervised release. Warren admitted alleged violations 1 and 3. Warren denied alleged violation 2. The government failed to satisfy its burden of proof with respect to alleged violation 2. Warren's supervised release should be revoked. Warren should be placed in custody for 5 months, with 29 months of supervised release to follow. The supervised release conditions imposed previously should be continued. Warren should be required to undergo any alcohol abuse evaluation recommended by his probation officer. Warren should be allowed to self-report at the Cascade County Detention Center at 12:00 noon on June 1, 2020.

## II.  Status

Warren pleaded guilty to one count of Conspiracy to Deal Firearms Without a License, one count of Unlawful Possession of a Firearm, two counts of Making a False Statement During a Firearms Transaction, and two counts of Aggravated Identity Theft, on January 16, 2008.  (Doc. 50).  The Court sentenced Warren to a total term of custody of 121 months, followed by 3 years of supervised release.  (Doc. 61).  Warren's current term of supervised release began on February 19, 2019.  (Doc. 123 at 2).

### Petition

The United States Probation Office filed an Amended Petition on May 4, 2020, requesting that the Court revoke Warren's supervised release.  (Doc. 123).  The Amended Petition alleged that Warren violated the conditions of his supervised release: 1) by consuming alcohol on two separate occasions; and 2) by committing another crime.  (Doc. 123 at 2-3).

### Initial Appearance

Warren appeared before the undersigned for his initial appearance on the Amended Petition on May 21, 2020.  Warren was represented by counsel.  Warren stated that he had read the petition and that he understood the allegations.  Warren waived his right to a preliminary hearing.  The parties consented to proceed with

the revocation hearing before the undersigned.

### Revocation Hearing

The Court conducted a revocation hearing on May 21, 2020. Warren admitted that he had violated the conditions of his supervised release by consuming alcohol on two separate occasions. Warren denied alleged violation 2. The government failed to satisfy its burden of proof with respect to alleged violation 2.

Warren's violations are Grade C violations. Warren's criminal history category is II. Warren's underlying offenses are Class C and Class D felonies. Warren could be incarcerated for up to 24 months. Warren could be ordered to remain on supervised release for up to 34 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III.  Analysis

Warren's supervised release should be revoked. Warren should be incarcerated for 5 months, with 29 months of supervised release to follow. The supervised release conditions imposed previously should be continued. Warren should be required to undergo any alcohol abuse evaluation recommended by his probation officer. Warren should be allowed to self-report at the Cascade County

Detention Center at 12:00 noon on June 1, 2020. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Warren that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Warren of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Warren that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Demetrius Dmiral Warren has violated the conditions of his supervised release by consuming alcohol on two separate occasions.

The Court **RECOMMENDS:**

> That the District Court revoke Warren's supervised release and commit Warren to the custody of the United States Bureau of Prisons for 5 months, with 29 months of supervised release to follow. The supervised release conditions imposed previously should be continued. Warren should be required to undergo any alcohol abuse evaluation recommended by his probation officer. Warren should be allowed to self-report at the Cascade County Detention Center at 12:00 noon on June 1, 2020.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of May, 2020.

John Johnston
United States Magistrate Judge